IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICRON TECHNOLOGY, INC. and MICRON SEMICONDUCTOR PRODUCTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NETLIST, INC., <br><br> Defendant. | Case No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

Plaintiffs Micron Technology, Inc. and Micron Semiconductor Products, Inc. (collectively, "Micron") seek a declaration that Micron does not directly or indirectly infringe United States Patent No. 10,025,731 (the "'731 patent") (attached as **Exhibit A**), either literally or under the doctrine of equivalents, as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

2. This action arises out of Netlist's threatened assertion of a patent against Micron.

3. Specifically, on April 28, 2021, Netlist's Chief Licensing Officer, Marc Frechette ("Frechette"), sent a letter to Micron's President and CEO, Sanjay Mehrota, at Micron's headquarters in Boise alleging that Micron's DIMM products infringe numerous Netlist patents including the '731 patent and related patents, and demanding that Micron take a license to Netlist's patents.

1

4.	Netlist filed two lawsuits against Micron in the Western District of Texas, Case Nos. 6:21-cv-00439 and 6:21-cv-00431, alleging infringement of some of those patents and later filed suit against Micron in the Eastern District of Texas, Case Nos. 2:22-cv-00203 and 2:22-cv-00294, asserting other Netlist patents.

5.	Netlist continued its allegations that Micron's DIMM products infringe its patents, including the '731 patent and related patents, and its demand that Micron take a license in numerous other communications between the parties, including a May 19, 2021 letter from Frechette stating Netlist's "desire to engage in discussions to reach agreement on royalty-bearing licenses to Netlist patents for RDIMM, LRDIMM, and NVDIMM products offered by Micron" and other follow-up letters sent on, for example, May 28, 2021 and June 14, 2021.

6.	Netlist raised these allegations in bad faith knowing that many of its patent claims were invalid and providing no comparison between Micron's DIMM products and Netlist's patent portfolio that could credibly support the allegations.

7.	Despite raising the allegations in bad faith, Netlist repeatedly insisted that Micron take a license to Netlist's entire patent portfolio. For example, as stated in a July 9, 2021, letter sent by Frechette to Micron, Netlist urged Micron to meet "to discuss our patent portfolio" and to bring Micron "decision makers" because Netlist "will have individuals with decision making authority in attendance."

8.	Netlist continued its allegations to the present day and Netlist representatives came to Micron's Boise headquarters on 34 separate occasions from July 2023 to October 2023 to conduct inspections of Micron's electronic design files of DIMM products in connection with its patent lawsuits.

9.	Netlist also accused Micron, and former subsidiary Micron Technology Texas,

LLC ("MTT"), of infringing the '731 patent with respect to Micron's DDR5 RDIMMs and MRDIMMs products in *Netlist, Inc. v. Micron Technology, Inc., et al.*, No. 25-cv-00558-JRG (E.D. Tex.) despite knowing that MTT was a dissolved corporation and that Micron does not reside in the Eastern District of Texas nor have a regular and established place of business therein, facts that render venue in the Eastern District of Texas improper. Thus, an actual controversy exists regarding Netlist's claim that Micron's DDR5 RDIMMs and MRDIMMs infringe the '731 patent.

10. Micron seeks a declaratory judgment that it does not infringe the '731 patent.

## THE PARTIES

11. Micron Technology, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 8000 S. Federal Way, Boise, Idaho, 83716.

12. Micron Semiconductor Products, Inc. is a corporation organized and existing under the laws of the State of Idaho, with its principal place of business at 8000 S. Federal Way, Boise, Idaho, 83716.

13. Netlist, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 111 Academy Drive, Suite 100, Irvine, California 92617.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over the claim for declaratory judgment of non-infringement under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

15. This Court has personal jurisdiction over Netlist, a corporation organized and existing under the laws of the State of Delaware.

16. Venue is proper in this District under 28 U.S.C. § 1391(b)–(c) because Netlist is subject to personal jurisdiction in this District.

17. An immediate, real, and justiciable controversy exists between Micron and Netlist as to whether Micron has infringed the '731 patent.

18. As the examples above establish, Netlist has harassed Micron for years with unsupported allegations that Micron's DDR5 RDIMMs and MRDIMMs products infringe the '731 patent, and other Netlist patents, demanding that Micron take a license, and threatening litigation. Netlist also filed a complaint against Micron and MTT in the Eastern District of Texas alleging infringement of the '731 patent despite the fact that Netlist knows the venue is improper and MTT is dissolved.

19. Netlist also alleged that Samsung Electronics Co., Ltd.'s DDR5 RDIMMs and MRDIMMs products infringe the '731 patent in *Netlist, Inc. v. Samsung Electronics Co., Ltd., et al.,* Eastern District of Texas Case No. 2:25-cv-00553.

20. Because this action presents an actual controversy with respect to the '731 patent, the Court may grant the declaratory relief sought pursuant to 28 U.S.C. § 2201 *et seq*.

## COUNT I
### (Declaration of Non-Infringement of the '731 Patent)

21. Micron restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

22. Netlist has asserted an ownership interest in the '731 patent by asserting infringement in the EDTX-552 and -553 Cases.

23. The '731 patent has one independent claim which reads as follows:

| Element | Claim Language |
|---|---|
| Preamble | A memory module operable to communicate data with a system memory controller via a memory bus in response to address and control signals from the system memory controller, comprising: |
| (a) | a printed circuit board comprising at least one connector configured to be |

| Element | Claim Language |
|---|---|
|  | operatively coupled to the memory bus, the at least one connector including a plurality of edge connections distributed along one or more edges of the printed circuit board; |
| (b) | a plurality of memory devices on the printed circuit board, the plurality of memory devices being arranged in multiple ranks, each rank comprising an independent set of memory devices that can be accessed by the system memory controller to access a full bit-width of the memory bus; |
| (c) | at least one circuit coupled between the at least one connector and the plurality of memory devices, the at least one circuit comprising a first set of port connections coupled to respective ones of the plurality of edge connections and a second set of port connections coupled to the plurality of memory devices, each circuit of the at least one circuit further comprising a set of correction circuits, each correction circuit of the set of correction circuits being configured to make corrections in one or more signals transmitted between a respective port connection of the first set of port connections and a corresponding port connection in the second set of port connections, the each correction circuit of the set of correction circuits including at least one programmable impedance matching circuit; and |
| (d) | control circuitry configured to receive the address and control signals from the system memory controller and to control the plurality of memory devices in response to the address and control signals, wherein the control circuitry is further configured to dynamically control the at least one programmable impedance matching circuit in the each correction circuit of the set of correction circuits in the each circuit of the at least one circuit based on which of the multiple ranks is selected to communicate data with the system memory controller in response to the address and control signals. |

24. Micron has not directly or indirectly infringed any claim of the '731 patent, either literally or under the doctrine of equivalents, at least because the accused Micron DDR5 RDIMMs and MRDIMMs products do not employ, incorporate, or otherwise make use of, all of the limitations of the claim of the '731 patent.

25. For example, claim 1 of the '731 patent requires "control circuitry" that is "configured to dynamically control … at least one programmable impedance matching circuit in

the each correction circuit of the set of correction circuits in the each circuit of the at least one circuit based on which of the multiple ranks is selected to communicate data with the system memory controller in response to the address and control signals." Micron's DDR5 RDIMMs and MRDIMMs products do not satisfy this claim element.

26. Micron, its customers, and its end users are not liable for infringement of the '731 patent for any DDR5 RDIMMs and MRDIMMs product made, imported, or sold by Micron.

27. A substantial, immediate, and real controversy exists between Micron and Netlist regarding whether Micron or its customers or end users infringe the '731 patent by making, using, selling, and/or offering for sale the Micron DDR5 RDIMMs and MRDIMMs products in the United States, or by importing the Micron DDR5 RDIMMs and MRDIMMs products into the United States. A judicial declaration is necessary to determine the parties' respective rights regarding the '731 patent.

28. Micron seeks a judgment declaring that Micron and its customers and end users do not infringe the '731 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Micron DDR5 RDIMMs and MRDIMMs products in the United States, or by importing the Micron DDR5 RDIMMs and MRDIMMs products into the United States, either directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. § 271(b)–(c).

## JURY DEMAND

Micron demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Micron prays for judgment and relief as follows:

a) Declare that Micron does not directly or indirectly infringe the '731 patent, either literally or under the doctrine of equivalents, and that it is not liable for damages or injunctive relief based on any claim in the '731 patent;

b)       Declare that Netlist is barred from seeking and/or enforcing injunctive relief against Micron (including its affiliates) or its direct or indirect customers and end-users in any jurisdiction with respect to any alleged infringement of the '731 patent;

c)       Enjoin Netlist from seeking and/or enforcing injunctive relief against Micron (including its affiliates) or its direct or indirect customers and end users in any jurisdiction with respect to any alleged infringement of the '731 patent;

d)       Declare that judgment be entered in favor of Micron and against Netlist on each of Micron's claims;

e)       Find that this is an exceptional case under 35 U.S.C. § 285;

f)       Award Micron its costs and attorneys' fees in connection with this action;

g)       Award Micron pre-judgment and post-judgment interest; and

h)       Such further and additional relief as the Court deems just and proper.

Dated: July 10, 2025

*Of counsel:*

Natalie Arbaugh
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453 6500
NArbaugh@winston.com

David P. Enzminger
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
(213) 615-1700
denzminger@winston.com

Michael R. Rueckheim
Ryuk Park
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
(650) 858 6500
MRueckheim@winston.com
RPark@winston.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
agaza@ycst.com
dmackrides@ycst.com

*Attorneys for Plaintiffs Micron Technology, Inc. and Micron Semiconductor Products, Inc.*