IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NETLIST, INC., <br><br> Defendant. | C.A. No. 25-cv-863-JLH <br><br><br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

Plaintiffs Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC[1] (collectively, "Micron") bring this first amended complaint to seek a declaration that Micron does not directly or indirectly infringe United States Patent Nos. 10,025,731 (the "'731 patent") (attached as **Exhibit A**), either literally or under the doctrine of equivalents, as follows:

### NATURE OF THE ACTION

1. Micron brings this is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

2. Micron is the only United States founded memory semiconductor designer and

---

[1] Micron Technology Texas, LLC was dissolved in October 2023 but is named as a party to this action as necessary and to the extent appropriate under Idaho Code § 30-25-702 for the purpose of winding up its activities and affairs with respect to the '731 patent which issued before Micron Technology Texas, LLC was dissolved.

manufacturer and has become a world leader in innovative computer-memory and data-storage solutions, employing thousands of people in Idaho, where Micron maintains its headquarters, throughout the United States, and abroad.  Indeed, Micron recently announced plans to invest approximately $200 billion in semiconductor manufacturing and R&D in Idaho, New York and Virginia to enhance domestic supply and technology leadership and meet the anticipated AI-driven demand.  Micron's success, however, has come with a price: fending off baseless assertions of patent infringement by patent enforcement entities. These patentees attempt to shake down Micron for license fees and, if Micron refuses, they attempt to strong-arm compliance by forcing Micron to spend millions of dollars engaging in necessarily complex and protracted patent litigation.

3.      One such patentee that Micron has had to fend off is Defendant Netlist. Unable to compete with innovators in the marketplace, Netlist's "business" has become bringing patent infringement suits, apparently to drive up litigation costs and pressure the true innovators, such as Micron, to pay what amounts to a business tax, i.e., pay Netlist to settle meritless suits. True to that mission, Netlist has targeted Micron repeatedly by making non-credible infringement allegations of facially invalid patents.

4.      For example, Netlist's attack began when it filed suit against Micron on the very same day that it sent Micron a demand letter.  Of course, Micron did not receive this disingenuous letter until after Netlist had already filed the lawsuit in the U.S. District Court for the Western District of Texas. The lawsuit asserts that Micron infringes claim 15 of U.S. Pat. No. 8,301,833 ("the '833 patent"). Particularly troubling is the fact that Netlist had to know—as any reasonable person would have known—that claim 15 of the '833 patent was invalid. Notably, before Netlist filed its lawsuit against Micron, the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") already had invalidated a claim of a related Netlist patent that is virtually identical

2

to claim 15 of the '833 patent. Put simply, Netlist filed an infringement lawsuit against Micron based on what it knew to be an effectively invalid patent claim. What's more, Netlist misleadingly withheld from Micron key information relevant to the invalidity of the '833 patent. In its demand letter, Netlist trumpeted alleged victories that it had before the PTAB relating to the '833 patent, but conveniently left out the critical fact that the PTAB had already found a virtually identical claim in a related Netlist patent to be invalid.

5.    Netlist also filed another Western District of Texas lawsuit making non-credible infringement allegations for three more of its patents, including U.S. Patent No. 9,824,035—a patent that the PTAB later determined was invalid for the majority of the asserted claims. Netlist also asserted multiple patents in two Eastern District of Texas litigations—but all of the asserted claims of these patents were ultimately either withdrawn from the litigations by Netlist or determined invalid by the PTAB. In bad faith, Netlist unreasonably opposed staying its litigations and continued to litigate its invalid patents.

6.    This action arises out of Netlist's continued non-credible threatened assertion of patents against Micron.

7.    Specifically, on April 28, 2021, Netlist's Chief Licensing Officer, Marc Frechette ("Frechette"), sent a letter to Micron's President and CEO, Sanjay Mehrota, at Micron's headquarters in Boise alleging that Micron's DIMM products infringe numerous Netlist patents including the '731 patent and related patents including "any subsequently issued patents claiming priority to those patents," and demanding that Micron take a license to Netlist's patents.

8.    Netlist filed two lawsuits against Micron in the Western District of Texas, Case Nos. 6:21-cv-00439 and 6:21-cv-00431, alleging that Micron's DIMM products infringe some of those patents and later filed suit against Micron in the Eastern District of Texas, Case Nos. 2:22-

cv-00203 and 2:22-cv-00294, asserting other Netlist patents against Micron's DIMM products.

9.      Netlist continued its allegations that Micron's DIMM products infringe its patents, including the '731 patent and related patents, and its demand that Micron take a license in numerous other communications between the parties, including a May 19, 2021 letter from Frechette stating Netlist's "desire to engage in discussions to reach agreement on royalty-bearing licenses to Netlist patents for RDIMM, LRDIMM, and NVDIMM products offered by Micron" and other follow-up letters sent on, for example, May 28, 2021 and June 14, 2021.

10.     Netlist raised these allegations in bad faith knowing that many of its patent claims were invalid and providing no comparison between Micron's DIMM products and Netlist's patent portfolio that could credibly support the allegations.

11.     Despite raising the allegations in bad faith, Netlist repeatedly insisted that Micron take a license to Netlist's entire patent portfolio.  For example, as stated in a July 9, 2021, letter sent by Frechette to Micron, Netlist urged Micron to meet "to discuss our patent portfolio" and to bring Micron "decision makers" because Netlist "will have individuals with decision making authority in attendance."

12.     Netlist continued its allegations to the present day and Netlist representatives came to Micron's Boise headquarters on 34 separate occasions from July 2023 to October 2023 to conduct inspections of Micron's electronic design files of DIMM products in connection with its patent lawsuits.

13.     Netlist also accused Micron of infringing the '731 patent with respect to Micron's DDR4 and DDR5 DIMM products in *Netlist, Inc. v. Micron Technology, Inc., et al.*, No. 25-cv-00558-JRG (E.D. Tex.) despite knowing that Micron Technology Texas, LLC was a dissolved corporation and that Micron does not reside in the Eastern District of Texas nor have a regular and

4

established place of business therein, facts that render venue in the Eastern District of Texas improper. Thus, an actual controversy exists regarding Netlist's claim that Micron's DDR4 and DDR5 DIMM products infringe the '731 patent.

14.    Micron seeks a declaratory judgment that it does not infringe the '731 patent.

## THE PARTIES

15.    Micron Technology, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 8000 S. Federal Way, Boise, Idaho, 83716.

16.    Micron Semiconductor Products, Inc. is a corporation organized and existing under the laws of the State of Idaho, with its principal place of business at 8000 S. Federal Way, Boise, Idaho, 83716.

17.    Micron Technology Texas, LLC is a dissolved Idaho limited liability company with a previous principal place of business at 8000 South Federal Way, Boise, Idaho 83716.

18.    Netlist, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 111 Academy Drive, Suite 100, Irvine, California 92617.

## JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction over the claim for declaratory judgment of non-infringement under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

20.    This Court has personal jurisdiction over Netlist, a corporation organized and existing under the laws of the State of Delaware.

21.    Venue is proper in this District under 28 U.S.C. § 1391(b)–(c) because Netlist is subject to personal jurisdiction in this District.

22.    An immediate, real, and justiciable controversy exists between Micron and Netlist

5

as to whether Micron has infringed the '731 patent.

23.     As the examples above establish, Netlist has harassed Micron for years with unsupported allegations that Micron's DIMM products infringe the '731 patent, and other Netlist patents, demanding that Micron take a license, and threatening litigation.  Netlist also filed a complaint against Micron in the Eastern District of Texas alleging infringement of the '731 patent despite the fact that Netlist knows the venue is improper and MTT is dissolved.

24.     Netlist also alleged that Samsung Electronics Co., Ltd.'s DDR4 and DDR5 DIMM products infringe the '731 patent in *Netlist, Inc. v. Samsung Electronics Co., Ltd., et al.,* Eastern District of Texas Case No. 2:25-cv-00557.

25.     Because this action presents an actual controversy with respect to the '731 patent, the Court may grant the declaratory relief sought pursuant to 28 U.S.C. § 2201 *et seq*.

<u>**COUNT I**</u>
<u>**(Declaration of Non-Infringement of the '731 Patent)**</u>

26.     Micron restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

27.     Netlist has asserted an ownership interest in the '731 patent by asserting infringement in the EDTX-557 and -558 Cases and by identifying Netlist, Inc. as the "Applicant" and "Assignee" identified on the face of the '731 patent.

28.     The '731 patent has one independent claim which reads as follows:

| Element | Claim Language |
|---|---|
| Preamble | A memory module operable to communicate data with a system memory controller via a memory bus in response to address and control signals from the system memory controller, comprising: |
| (a) | a printed circuit board comprising at least one connector configured to be operatively coupled to the memory bus, the at least one connector including a plurality of edge connections distributed along one or more |

| Element | Claim Language |
|---------|----------------|
| | edges of the printed circuit board; |
| (b) | a plurality of memory devices on the printed circuit board, the plurality of memory devices being arranged in multiple ranks, each rank comprising an independent set of memory devices that can be accessed by the system memory controller to access a full bit-width of the memory bus; |
| (c) | at least one circuit coupled between the at least one connector and the plurality of memory devices, the at least one circuit comprising a first set of port connections coupled to respective ones of the plurality of edge connections and a second set of port connections coupled to the plurality of memory devices, each circuit of the at least one circuit further comprising a set of correction circuits, each correction circuit of the set of correction circuits being configured to make corrections in one or more signals transmitted between a respective port connection of the first set of port connections and a corresponding port connection in the second set of port connections, the each correction circuit of the set of correction circuits including at least one programmable impedance matching circuit; and |
| (d) | control circuitry configured to receive the address and control signals from the system memory controller and to control the plurality of memory devices in response to the address and control signals, wherein the control circuitry is further configured to dynamically control the at least one programmable impedance matching circuit in the each correction circuit of the set of correction circuits in the each circuit of the at least one circuit based on which of the multiple ranks is selected to communicate data with the system memory controller in response to the address and control signals. |

29.     Micron has not directly or indirectly infringed any claim of the '731 patent, either literally or under the doctrine of equivalents, at least because Micron's DDR4 and DDR5 DIMM products do not employ, incorporate, or otherwise make use of, all of the limitations of the claim of the '731 patent.

30.     For example, claim 1 of the '731 patent requires "at least one circuit coupled between the at least one connector and the plurality of memory devices, the at least one circuit comprising a first set of port connections coupled to respective ones of the plurality of edge

7

connections and a second set of port connections coupled to the plurality of memory devices, each circuit of the at least one circuit further comprising a set of correction circuits, each correction circuit of the set of correction circuits being configured to make corrections in one or more signals transmitted between a respective port connection of the first set of port connections and a corresponding port connection in the second set of port connections, the each correction circuit of the set of correction circuits including at least one programmable impedance matching circuit." Micron's DDR4 and DDR5 DIMM products do not satisfy this claim element.

31.     As another example, claim 1 of the '731 patent requires "control circuitry" that is "configured to dynamically control … at least one programmable impedance matching circuit in the each correction circuit of the set of correction circuits in the each circuit of the at least one circuit based on which of the multiple ranks is selected to communicate data with the system memory controller in response to the address and control signals."  Micron's DDR4 and DDR5 DIMM products do not satisfy this claim element.

32.     Micron, its customers, and its end users are not liable for infringement of the '731 patent for any DDR4 and DDR5 DIMM product made, imported, or sold by Micron.

33.     A substantial, immediate, and real controversy exists between Micron and Netlist regarding whether Micron or its customers or end users infringe the '731 patent by making, using, selling, and/or offering for sale the Micron DDR4 and DDR5 DIMM products in the United States, or by importing the Micron DDR4 and DDR5 DIMM products into the United States.  A judicial declaration is necessary to determine the parties' respective rights regarding the '731 patent.

34.     Micron seeks a judgment declaring that Micron and its customers and end users do not infringe the '731 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Micron DDR4 and DDR5 DIMM products in the United States,

8

or by importing the Micron DDR4 and DDR5 DIMM products into the United States, either directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. § 271(b)–(c).

<b><u>JURY DEMAND</u></b>

Micron demands a jury trial on all issues and claims so triable.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Micron prays for judgment and relief as follows:

a)    Declare that Micron does not directly or indirectly infringe any claim in the '731 patent, either literally or under the doctrine of equivalents, and that it is not liable for damages or injunctive relief based on any claim in the '731 patent;

b)    Declare that Netlist is barred from seeking and/or enforcing injunctive relief against Micron (including its affiliates) or its direct or indirect customers and end-users in any jurisdiction with respect to any alleged infringement of the '731 patent;

c)    Enjoin Netlist from seeking and/or enforcing injunctive relief against Micron (including its affiliates) or its direct or indirect customers and end users in any jurisdiction with respect to any alleged infringement of the '731 patent;

d)    Declare that judgment be entered in favor of Micron and against Netlist on each of Micron's claims;

e)    Find that this is an exceptional case under 35 U.S.C. § 285;

f)    Award Micron its costs and attorneys' fees in connection with this action;

g)    Award Micron pre-judgment and post-judgment interest; and

h)    Such further and additional relief as the Court deems just and proper.

Dated: July 29, 2025

*Of counsel:*

Natalie Arbaugh
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453 6500
NArbaugh@winston.com

David P. Enzminger
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
(213) 615-1700
denzminger@winston.com

Michael R. Rueckheim
Ryuk Park
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
(650) 858 6500
MRueckheim@winston.com
RPark@winston.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
agaza@ycst.com
dmackrides@ycst.com

*Attorneys for Plaintiffs Micron Technology,
Inc., Micron Semiconductor Products, Inc.
and Micron Technology Texas, LLC*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 29, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

<table>
<tr><td><b>BY HAND DELIVERY</b></td><td><b>BY EMAIL</b></td></tr>
<tr><td>
Netlist, Inc.<br>
c/o The Corporation Trust Company<br>
Corporation Trust Center<br>
1209 Orange St.<br>
Wilmington, DE 19801
</td><td>
Karen E. Keller<br>
Emily S. DiBenedetto<br>
SHAW KELLER LLP<br>
I.M. Pei Building<br>
1105 North Market Street, 12th Floor<br>
Wilmington, DE 19801<br>
kkeller@shawkeller.com<br>
edibenedetto@shawkeller.com<br><br>
<i>Attorneys for Netlist, Inc.</i>
</td></tr>
</table>

Dated: July 29, 2025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
agaza@ycst.com
dmackrides@ycst.com

*Attorneys for Plaintiffs Micron Technology, Inc., Micron Semiconductor Products, Inc. and Micron Technology Texas, LLC*